OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


May 22, 2000

Ms. Susan A. Spataro, C.P.A., C.M.A.          Opinion No. JC-0222
Travis County Auditor
P.O. Box 1748                                 Re: Clarification of Attorney General
Austin, Texas 78767                           JC-0102 (1999) (RQ-0157-JC)

Dear Ms. Spataro:

You seek clarification of Attorney General Opinion JC-0102 (1999), which addressed issues raised in your request letter of September 29, 1998. *See* Letter from Ms. Susan A. Spataro, C.P.A., C.M.A., Travis County Auditor, to Honorable Dan Morales, Attorney General of Texas (Sept. 29, 1998) (on file with Opinion Committee) [hereinafter "Request Letter I"]. Attorney General Opinion JC-0102 considered whether the Travis County Clerk had a duty to seek reimbursement from other counties for the costs of proceedings for involuntary mental health services conducted by a Travis County probate court, where another county was responsible for those court costs. *See* Tex. Att'y Gen. Op. No. JC-0102 (1999). On the understanding that Travis County had already paid the costs of these proceedings and now wished to recover its expenditures from the county responsible for the costs, we determined that the reimbursements were not "court costs," which the county clerk as clerk of the probate court might otherwise have a duty to collect from the responsible county, and concluded as follows:

> The county clerk does not have a statutory duty to collect the reimbursements to which a county may be entitled for mental health services proceeding costs actually paid by the county, but the commissioners court may delegate that responsibility to an appropriate county official.

*Id.* at 5.

You now explain that Travis County does not pay the court costs before it seeks payment from another county. *See* Letter from Ms. Susan A. Spataro, C.P.A., C.M.A., Travis County Auditor, to Honorable John Cornyn, Attorney General of Texas (Dec. 3, 1999) (on file with Opinion Committee) [hereinafter "Request Letter II"]. You referred to the collection process as a "reimbursement" to describe the transaction in accounting terms and did not use this word in its ordinary sense. *See id.* at 1; *see also* XIII OXFORD ENGLISH DICTIONARY 534 (2d ed. 1989) ("reimburse" means "[t]o repay or make up to one (a sum expended)"). "Travis County does not pay (or make a corresponding accounting entry on its books) the 'court costs,' but relies on an oral or

written representation by a 'responsible county' that 'court costs' will be paid upon receipt of a Clerk's cost bill." Request Letter II, *supra*, at 2. You enclose an example of another county's promise to pay court costs. It is a written request from a Bexar County probate judge to a Travis County probate judge asking the Travis County judge to hold a commitment hearing on a resident of Bexar County in a Travis County facility and stating that the court costs should be billed to the Bexar County Clerk's Office.

Travis County wishes to recover "court costs" from counties that have accepted responsibility to pay these costs, but those counties are unwilling to pay without a clerk's cost bill. You ask two questions related to the subject matter of Attorney General Opinion JC-0102. You first ask whether the county clerk of a county with a state hospital has a statutory duty to collect court costs to which a county may be entitled for mental health services proceedings if no county has paid the court costs. Section 571.018(b) of the Health and Safety Code requires the clerk of the court in which a mental health services proceeding is held to bill the responsible county for the costs of the proceeding. You also ask whether the costs listed under section 571.018 of the Health and Safety Code are court costs and whether the county clerk has a duty to collect such costs. We conclude that the county clerk has a duty to collect these costs.

The following facts provide the background for your inquiry about the clerk's responsibility with respect to the collection of the court costs: The Austin State Hospital, located in Travis County, serves a "catchment area" of thirty-six counties within the state's mental health system. Request Letter I, *supra*, at 1; *see* TEX. HEALTH & SAFETY CODE ANN. § 552.001 (Vernon 1992) (the Department of Mental Health and Mental Retardation shall divide the state into hospital districts and designate the state hospitals to which persons with mental illness from each district shall be admitted). Travis County provides resources to the other counties within the catchment area by conducting mental health cases for individuals for whom the other counties are financially responsible. *See* Request Letter I, *supra*, at 1. The Travis County Clerk formerly sent a bill of costs to the responsible county, but in early 1998 she stopped seeking costs from counties in the catchment area other than Travis County, believing that the clerk had no duty to seek the costs. *See id.* Thus, you wish to know whether the clerk has a duty to send out a bill of costs to the other counties.

The Texas Mental Health Code, codified as subtitle C of title 7, Health and Safety Code, provides for access to care and treatment for mentally ill persons. *See* TEX. HEALTH & SAFETY CODE ANN. chs. 571 - 577 (Vernon 1992 & Supp. 2000). Chapter 574 of the Health and Safety Code governs proceedings for court-ordered mental health services. A county or district attorney or other adult may file an application for court-ordered mental health services for an individual. *See id.* § 574.001 (Vernon Supp. 2000). All applications for court-ordered mental health services "shall be filed on behalf of the State of Texas." *Id.* § 571.0166. The application must be filed with the county clerk in the county in which the proposed patient resides, is found, or is receiving mental health services by court order or pursuant to apprehension by a police officer under Health and Safety Code, chapter 573, subchapter A. *See id.* § 574.001(b). A court has personal jurisdiction over an individual's commitment for mental health services, where he is found in the county where the court sits. *See Goldwait v. State*, 961 S.W.2d 432, (Tex. App.–Houston [1st Dist.] 1997, no writ); *see also*

TEX. HEALTH & SAFETY CODE ANN. § 574.031(c) (Vernon Supp. 2000) (proposed patient is entitled to be present at the hearing, unless he or his attorney waives this right).

Section 571.018 of the Health and Safety Code lists various costs of a hearing or proceeding under the Texas Mental Health Code and subsection (a) of that section provides that they shall be paid by:

> (1) the county that initiates emergency detention procedures under Subchapter A or B, Chapter 573 [temporary detention of person believed to be mentally ill, where there is a substantial risk of serious harm to the person or others]; or

> (2) if no emergency detention procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services.

TEX. HEALTH & SAFETY CODE ANN. § 571.018(a) (Vernon Supp. 2000).

Pursuant to this provision, the county "that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services" is responsible for the costs of the proceeding, including the cost of filing the petition. Tex. Att'y Gen. Op. No. JC-0102 (1999) at 2.

Section 571.018(b) further provides that:

> The county responsible for the costs of a hearing or proceeding under Subsection (a) shall pay the costs of all subsequent hearings or proceedings for that person under this subtitle until the person is discharged from mental health services. *The costs shall be billed by the clerk of the court conducting the hearings.*

TEX. HEALTH & SAFETY CODE ANN. § 571.018(b) (Vernon Supp. 2000) (emphasis added). The italicized language was added by the 76th Legislature. Act of May 28, 1999, 76th Leg., R.S., ch. 1512, § 1, 1999 Tex. Gen. Laws 5233, 5234. In answer to your first question, section 571.018 now expressly requires the clerk of the court to bill the responsible county for the costs of the mental health services proceeding.

As to your second question, you ask whether the costs listed under section 571.018 of the Health and Safety Code are court costs and whether the county clerk has a duty to collect such costs. This question seeks clarification of the statement in Attorney General Opinion JC-0102 that "the reimbursements are not 'court costs,' which the county clerk as clerk of the probate court may otherwise have a duty to collect from the responsible county." Tex. Att'y Gen. Op. No. JC-0102

(1999) at 3. This statement reflects the premise of Attorney General Opinion JC-0102 that Travis County had already paid the court costs and was seeking reimbursement for expenditures. It does not address court costs that have never been paid.

The costs of a mental health services proceeding payable by the responsible county include those enumerated in section 571.018(c) of the Health and Safety Code:

> (1) attorney's fees;
>
> (2) physician examination fees;
>
> (3) compensation for court-appointed personnel listed under Section 571.017 [court shall order payment of reasonable compensation to attorneys, physicians, language interpreters, sign interpreters, and masters];
>
> (4) expenses of transportation to a mental health facility or to a federal agency not to exceed $50 if transporting within the same county and not to exceed the reasonable cost of transportation if transporting between counties;
>
> (5) costs and salary supplements authorized under Sections 574.031(i) and (j) [for a judge who holds hearings at locations other than county courthouse]; and
>
> (6) prosecutor's fees authorized under Section 574.031(k).

TEX. HEALTH & SAFETY CODE ANN. § 571.018(c) (Vernon Supp. 2000); *see also id.* § 574.010(b) (Vernon 1992) (if proposed patient is indigent, court may order county of residence to pay expenses of expert testimony).

It is not necessary to determine whether the various costs listed under section 571.018 of the Health & Safety Code are "court costs" subject to being collected by the county clerk, because the provision expressly states that these costs "shall be billed by the clerk of the court conducting the hearings." *Id.* § 571.018(b) (Vernon Supp. 2000). In answer to your second question, we conclude that the county clerk has a duty to collect from the responsible county the costs listed under section 571.018 of the Health and Safety Code. *See id.* § 571.018(b); TEX. R. CIV. P. 129, 130 (clerk's duties if responsible party fails to pay costs).

## S U M M A R Y

Attorney General Opinion JC-0102 (1999) was based on the understanding that Travis County had paid the costs taxed in certain mental health services proceedings conducted in the county where another county was responsible for paying the costs. Its conclusions as to the clerk's duty to seek reimbursement of those costs from the other county must be read in connection with that premise.

Section 571.018(b) of the Health and Safety Code requires the clerk of the court in which a mental health services proceeding is held to bill the costs of the proceeding to the county that is responsible for paying those costs. The county clerk has a duty to collect from the responsible county the costs listed under section 571.018 of the Health and Safety Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee